IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                 No. CV-05-1042 JC/LFG
                                               CR-03-1050 JC

ANTONIO RAMIREZ-DOMINGUEZ,

    Defendant.

MEMORANDUM OPINION AND ORDER

    This matter comes before the Court on Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 39) filed September 28, 2005. *See* 28 U.S.C. § 2255 R. 4(b). Defendant pled guilty to charges of reentry of a deported alien previously convicted of an aggravated felony. *See* 8 U.S.C. § 1326(a)(1)-(2), (b)(2). On January 6, 2004, the Court entered judgment on Defendant's conviction. Defendant did not appeal his conviction or sentence.

    In his § 2255 motion, Defendant invokes the Supreme Court's recent decisions in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004), and *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), as the basis for challenging his sentence. The *Blakely* decision applied the rule announced by the Supreme Court in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that a sentence greater than the statutory maximum must be based on facts found by a jury beyond a reasonable doubt. *See Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536. The Court in *Blakely* set aside a state court sentence greater than the state's guideline range for the offense stipulated in the defendant's guilty plea. *See* 542 U.S. at ---, 124 S. Ct. at 2538. The more recent decision in *Booker*,

--- U.S. ---, 125 S. Ct. at 764 (2005), declared the mandatory application of the United States Sentencing Guidelines unconstitutional.

These recent Supreme Court rulings are not available to Defendant on collateral review of his criminal conviction. *See United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005); *United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004). For purposes of retroactivity analysis, the decisions in *Blakely* and *Booker* merely apply the previously announced rule from *Apprendi*, *see Blakely*, 542 U.S. at ---, 124 S. Ct. at 2536, and thus provide no avenue to Defendant in a § 2255 proceeding, *see Leonard*, 383 F.3d at 1148. These decisions apply only to pending cases and those on direct review. *See Booker*, --- U.S. at ---, 125 S. Ct. at 769; *Bellamy*, 411 F.3d at 1186. Defendant is not entitled to relief under these decisions, and the Court will dismiss this claim.

Defendant also makes an argument for sentence reduction under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Subsequent decisions, including *Shepard v. United States*, --- U.S. ---, 125 S. Ct. 1254 (2005), make clear that this argument is unavailing. As the United States Court of Appeals for the Tenth Circuit has stated,

> We note that in the recent case of *Shepard v. United States*, No. 03-9168, 544 U.S. __, 2005 WL 516494 (Mar. 7, 2005), Justice Thomas stated that a majority of the Court now recognizes that *Almendarez-Torres* was wrongly decided. Justice Thomas also predicted that *Almendarez-Torres* would be overruled sometime in the near future. *Shepard*, 2005 WL 516494, at *9 (Thomas, J., concurring). Nonetheless, "we are bound by existing precedent to hold that the *Almendarez-Torres* exception to the rule announced in *Apprendi* [*v. New Jersey*, 530 U.S. 466 (2000)] and extended to the Guidelines in [*United States v.*] *Booker*, [125 S. Ct. 738 (2005)] remains good law."

*United States v. Jeffrey*, No. 04-8009, 2005 WL 827153, at *18 n.12 (10th Cir. Apr. 11, 2005) (quoting *United States v. Moore*, 401 F.3d 1220, 1224 (10th Cir. 2005)). The decision in

*Almendarez-Torres* provides no support for Defendant's claims.  Defendant is not entitled to relief, *see* § 2255 R. 4(b), and the Court will dismiss his motion.

    IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence (CV Doc. 1; CR Doc. 39) filed September 28, 2005, is DISMISSED with prejudice; and pursuant to rule 58(a)(2)(A)(iii) of the Federal Rules of Civil Procedure, *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

                                                                  _____
                                                           SENIOR UNITED STATES DISTRICT JUDGE